**PALAIS ROYAL, Inc., v. CALHOUN et al.**
**No. 6907.**

United States Court of Appeals for the District of Columbia.

Decided July 26, 1937.

Cornelius H. Doherty, of Washington, D. C., for appellant.

Mark P. Friedlander, Robert I. Silverman, and Joseph Rafferty, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

MARTIN, Chief Justice.

This is an appeal from a final decree of the District Court of the United States for the District of Columbia in a suit brought to enjoin the appellant, Palais Royal, Inc., and the United States Marshal for the District of Columbia, from making an unconditional sale of certain chattel property under a writ of execution issued out of the Municipal Court of the District.

It appears that the chattel property in question belonged to one Andrew Simonds in his lifetime; that Simonds died in South Carolina in 1905 leaving surviving him his widow, now the defendant. Daisy B. Calhoun, and one child, now the defendant Margaret S. Waring; that the decedent left a last will which was duly admitted to probate, which disposed of his entire estate including the chattels involved in this case to his widow, Daisy B. Calhoun, for her life, and upon her death to their daughter, Margaret Waring, if she be then living, but in the event of the decease of Margaret Waring prior to the decease of Daisy B. Calhoun, then the property should go to the children of Margaret Waring. At the time of the filing of the bill in this case these children were Peter A. Drury, III, Andrew S. Drury, and Charles W. Waring, Jr. The property herein involved consisted of household furniture and was subject to the provisions of the will. The ar-

ticles are numerous and will be referred to in this decision as Exhibit A.

Afterwards on January 31, 1935, the appellant, the Palais Royal, Inc., obtained a judgment against Daisy B. Calhoun in the Municipal Court of the District of Columbia in the sum of $994.97, and a writ of fieri facias was issued thereon directing the marshal to levy upon and sell the chattel property of the defendant, Mrs. Calhoun, for the payment of the judgment. Subsequent to the levy and prior to the advertised sale thereunder, the defendant Mrs. Waring in a separate proceeding in the Municipal Court of the District under Tit. 18, Chap. 5, Sec. 234 of the 1929 Code of Law for the District, filed a claim to the property so levied upon and a trial of right of property was thereupon had in the Municipal Court resulting in a judgment in favor of Mrs. Waring for only a part of the property so levied upon, consisting of 34 articles which were thereupon delivered to her.

On April 15, 1935, two days prior to the date of sale of the remaining property advertised by the marshal under the writ of fi. fa. and subsequent to the termination of the proceeding begun by Mrs. Waring for the trial of right of property, the bill in equity was filed in the present case in the District Court by the infant children of Margaret Waring, as plaintiffs, appearing by their next friend. The bill alleged that by reason of the prospective sale of the property advertised by the marshal the plaintiffs' possibility of coming into the possession of the property as contingent remaindermen would be destroyed, and it prayed among other things that a preliminary injunction restraining the sale be issued, and that upon final hearing the defendants be enjoined from offering the property for sale. Attached to the bill was a list of the property as set out in Exhibit A in which plaintiffs claimed to have the foregoing interest.

The Palais Royal, Inc., as defendant in the present case, filed an answer reciting the trial of right of property in the chattels levied upon under the writ of execution and the proceedings had in the Municipal Court of the District of Columbia, in the trial of the right of property case brought by Mrs. Waring, wherein Mrs. Waring had testified that she claimed all of the furniture listed in Exhibit A under and by virtue of the will of her father, Andrew Simonds, and a transfer to her of her

mother's life estate therein, and that in its decision the Municipal Court entered a finding that certain items of furniture belonging to Mrs. Calhoun had been transferred to Mrs. Waring by her mother, but that no such item appeared in Exhibit A, and that the Municipal Court entered judgment accordingly against Mrs. Waring, and such judgment remained in full force and effect.

Upon a trial of the issues the lower court held that Mrs. Calhoun was entitled to a life estate in the furniture listed in Exhibit A aforesaid with remainder over to Mrs. Waring, and if the latter predeceased her mother, then and in such case to Mrs. Waring's children; that the Palais Royal, Inc., and the marshal were authorized to sell upon execution only the life interest of Mrs. Calhoun in and to said furniture; and that although Mrs. Waring in the trial of the right of property in the Municipal Court claimed all of the articles seized by virtue of the execution, including those claimed in this bill and was awarded 34 pieces by the Municipal Court, the denial of her claim as to the remainder of said articles was not res adjudicata as to the rights of the plaintiffs herein to assert and protect their interest in the property.

The trial court accordingly held that the marshal in executing his writ should sell no more than the life estate of Mrs. Calhoun in the furniture listed as Exhibit A aforesaid.

Thereupon the Palais Royal, Inc., took the present appeal to this court.

We think that the lower court possessed jurisdiction in the case, and that its decision was correct. It is conceded that the Palais Royal recovered a judgment at law for $994.97 against Mrs. Calhoun alone, and that neither Mrs. Waring nor her infant children were liable upon the cause of action upon which the judgment was founded. The execution issued upon the judgment accordingly was directed against Mrs. Calhoun alone, and should have been levied only upon the interest or estate which she possessed in the property levied upon. The interest of Mrs. Calhoun in the property now in question was a life interest only and a sale of the interest upon execution should be conducted without interference with or imposition upon the contingent estate of Mrs. Waring or her infant children.

The trial of the right of property and the decision against Mrs. Waring therein was to the effect only that she did not then have a right to the immediate possession of the property. It could have no effect upon her contingent interest under the will of Simonds whereby she would become the owner of the chattel property in case she survived the death of her mother, Mrs. Calhoun. Her right to the possession of the chattels was contingent, and accrued in futuro, if at all. In this view of the case it seems to us that the creditor, Palais Royal, Inc., may cause the sale by execution of the life interest of Mrs. Calhoun in the chattels levied upon without interference with or prejudgment of the contingent right of Mrs. Waring or her children therein.

We have considered the argument of the appellant advanced in this court that the District Court was without jurisdiction to issue an injunction and to hear this cause. We are not unmindful of the well-established rule that courts of equal jurisdiction will not, or cannot, issue an injunction restraining the court in which the cause has been regularly filed from issuing an execution after disposal of the case. This rule does not apply in the present case. The Municipal Court of the District of Columbia is a statutory court similar in jurisdiction to the justice's court in the several states. It has no general equity powers. The District Court, similar to nisi prius courts in the states, is the first court of general equity powers. The remedy of the infant plaintiffs being only in equity, to do equity, the District Court must necessarily have jurisdiction of the cause. The general rule is not violated by this interpretation, for the two courts are not of equal power.

We accordingly affirm the decree of the lower court, with costs.